Filed 12/29/22  P. v. Henderson CA5
Opinion following transfer from Supreme Court

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>CURTIS LEE HENDERSON,<br><br>    Defendant and Appellant. | F083044<br><br>(Super. Ct. No. CF91440923)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Arlan L. Harrell, Judge.

Scott Concklin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Henry J. Valle, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Smith, Acting P. J., Snauffer, J. and De Santos, J.

## INTRODUCTION

Appellant Curtis Lee Henderson appeals the trial court's denial of his petition for resentencing filed under former Penal Code section 1170.95.[1] We previously affirmed the trial court's order in an unpublished opinion (*People v. Henderson* (July 8, 2022, F083044 [nonpub. opn.] (*Henderson II*)), concluding that Henderson was ineligible for relief as a matter of law based upon the jury's finding that the murder occurred during the commission of a robbery, and that Henderson had acted as a major participant in the robbery with reckless indifference to human life. (Pen. Code,[2] § 190.2, subd. (a)(17)).

Our Supreme Court granted review of Henderson's case and transferred the matter back to this court with directions to vacate our decision and to reconsider the cause in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). In *Strong*, our Supreme Court held that a pre-*Banks*/*Clark*[3] felony-murder special circumstance finding does not render a petitioner seeking relief under section 1172.6, ineligible as a matter of law. (*Strong,* at p. 703.)

We invited the parties to submit supplemental briefing concerning the effect of *Strong* on Henderson's case. Henderson argues that *Strong* compels reversal of the trial court's order. The Attorney General agrees.

In conformity with our Supreme Court's directive, we order our prior decision vacated and for the reasons stated herein, we reverse the trial court's order denying Henderson's petition for resentencing. The matter is remanded to the superior court for further proceedings consistent with section 1172.6, subdivision (c).

---

[1]    Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10). Henderson filed his petition prior to this renumbering, and he therefore referred to the statute as section 1170.95 in his petition.

[2]    All undefined statutory citations are to the Penal Code unless otherwise indicated.

[3]    *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*); *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*).

2.

## PROCEDURAL HISTORY

On September 4, 1991, the Fresno County District Attorney filed an amended information charging Henderson with murder (§ 187, subd. (a), count 1) and robbery (§§ 211, 212.5, subd. (b), count 2).  As to count 1, the information further alleged a robbery-murder special circumstance (§ 190.2, subd. (a)(17)); as to count 2, an enhancement for the intentional infliction of great bodily injury (§ 12022.7); and as to both counts, enhancements for the personal use of a firearm (§ 12022.5, subd. (a)), and an on bail enhancement (§ 12022.1).

A jury found Henderson guilty on all charges and found true the robbery special circumstance (§ 190.2, subd. (a)(17)); the firearm allegations (§ 12022.5, subd. (a)); and the intentional infliction of great bodily injury allegation (§ 12022.7).  Henderson admitted that he was released from custody on another felony charge when he committed the offenses (§ 12022.1).

The trial court sentenced Henderson to life without the possibility of parole plus seven years on count 1.  The trial court imposed a determinate term of 14 years on count 2.

On September 1, 1993, this court affirmed Henderson's judgment of conviction in *People v. Henderson* (Sept. 1, 1993, F018029 [nonpub. opn.]).

On January 25, 2021, Henderson filed a petition for resentencing pursuant to Senate Bill No. 1437, as codified in section 1170.95.  The prosecutor filed a motion in opposition to Henderson's petition.

On May 19, 2021, the trial court denied the petition, finding that Henderson failed to make a prima facie showing that he falls within the provisions of former section 1170.95.

On July 8, 2022, this court affirmed the trial court's denial of Henderson's petition.  (*Henderson II*, *supra*, F083044.)  Henderson filed a petition for review in our Supreme Court.

On October 12, 2022, our Supreme Court granted review of Henderson's petition and transferred the matter back to this court with directions to vacate our decision and to reconsider the cause in light of *Strong*.

## STATEMENT OF FACTS

*The Underlying Crime*

The following statement of facts can be found in this court's unpublished opinion in *People v. Henderson*, *supra*, F018029:[4]

> "Around 2 a.m. on August 16, 1990, Henderson and [Ronnie] Payne, accompanied by Kevin Lewis, robbed the Exxon gas station at McKinley and West in Fresno. During the course of the robbery, Henderson shot Tommy Walker, the clerk, in the head. Henderson and Payne made off with $36. Walker had arrived at work about 10:00 the night before. He had walked to the station and did not appear to be injured in any way at the time.

> "Walker was discovered about an hour after the robbery. A heavy cash register was lying across his lower legs. Normally, the cash register was located on a shelf, about three feet above the spot where it was found. By the time ambulance personnel arrived, Walker was conscious and oriented, although he could not remember what happened. Paramedics did not realize he had been shot in the head.

> "Walker was taken to Fresno Community Hospital. At admission, Walker had a gunshot wound to the head and trauma to the right ankle. Neurosurgeon Brian Clague performed a craniotomy. Walker had a bullet entry wound between the eyes and slightly higher than the brow line. The bone was shattered; pieces of it were forced back into the brain tissue, some as much as two inches on the right side. Clague removed a bullet and bone fragments from Walker's brain. The bullet had penetrated about two inches into the frontal lobe. Clague then reconstructed the dura mater (lining of the brain) and the skull.

> "The surgery and postoperative period went well, and Walker was transferred from the intensive care unit to a regular room on August 17. From the time he was brought into the hospital, he complained of pain in his right ankle.

---

[4]    We have omitted a substantial portion of this court's statement of facts as they are not directly relevant to the issues pending in this appeal.

4.

The ankle was x-rayed on August 19.  While there was no fracture, there was swelling consistent with a minor ankle sprain.

"While healing of the head wound was underway, swelling and pain persisted in the ankle.  On August 27, Walker was diagnosed as having deep vein thrombosis in his right leg.  That evening, he suffered a massive pulmonary embolism and died."

Following a jury trial, Payne was acquitted of murder but convicted of robbery.  A section 12022, subdivision (a)(1) enhancement allegation was found to be true based upon the fact that Payne was armed with a firearm.  The existing record of conviction does not show that Kevin Lewis was charged with any crimes.

### *The Trial Court's Ruling on Henderson's Petition*

On May 19, 2021, the trial court denied the petition, explaining:

"The Court is in receipt of a Petition for Resentencing filed March 2, 2020.  Based on review of the record of conviction in this case, the petition is denied with prejudice.  (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 329-330, review granted Mar. 18, 2020, 8260493; *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1137-1138, review granted Mar. 18, 2020, 8260598.)

"Petitioner Curtis Lee Henderson has failed to make a prima facie showing that he falls within the provisions of Penal Code section 1170.95.  The jury found that Petitioner personally used a firearm and intentionally inflicted great bodily injury during the commission of the robbery.  (Pen. Code, §§ 12022.5(a), 12022.7.)  Petitioner did not challenge these findings on appeal.  There was sufficient evidence at trial for the jury to find true the section 12022.7 enhancement that, at the time, required specific intent that Petitioner personally and intentionally inflicted great bodily harm.

"On appeal Petitioner challenged the instructions related to proximate causation and foreseeability.  The appellate court rejected the arguments and found no error.  (See *People v. Henderson* (Sept. 1, 1993, F018029 pages 35 & 38) [nonpub. opn.].)  'The alleged negligence of Walker's physicians did not consist of active conduct but instead was composed entirely of omissions.  As a result, the evidence before the jury was insufficient as a matter of law to support a finding that Walker's death was the result of an independent superseding cause.'  (*People v. Henderson, supra*, at [p.] 38.)  'We have already determined the evidence was inadequate as a matter of law to support [the] conclusion by the trier of fact that

5.

the alleged negligence of the treating physicians absolved Henderson of criminal responsibility to Walker's death.' (*People v. Henderson, supra*, at p. 39.)

"The condition set out at Penal Code § 1170.95(a)(3) does not apply. Petitioner could be convicted of murder based on the facts in this case despite changes to Penal Code sections 188 or 189 made effective January 1, 2019. A review of the record shows Petitioner was more than a mere participant in the crime. Petitioner was the actual killer. He was a major participant in the underlying felony and acted with reckless indifference to human life. Petitioner is not eligible for resentencing. For all of the above reasons, the petition is denied with prejudice.

"The Court further notes that there are procedural defects with the petition. The caption of the petition is incorrect; the declaration is incomplete; and Petitioner has failed to comply with the procedural service requirements. There is no indication that this petition was served on the attorney who represented Petitioner in the trial court or on the public defender of the county where Petitioner was convicted."

## DISCUSSION

Henderson contends the trial court erroneously denied his petition for resentencing under former section 1170.95 based upon the fact that the robbery-murder special circumstance was found true more than 20 years prior to our Supreme Court's decisions in *Banks, supra*, 61 Cal.4th 788 and *Clark, supra*, 63 Cal.4th 522. In his supplemental brief, the Attorney General concedes that our Supreme Court's decision in *Strong* compels reversal of the trial court's order.

We accept the parties' assertion that Henderson's petition alleged the facts necessary for relief under former section 1170.95, and that the superior court erred by summarily denying his petition. We therefore reverse the trial court's order and remand the matter to the superior court with directions for further proceedings.

### 1. *The Special Circumstance*

In *Strong*, our Supreme Court held that where a petitioner's case "was tried before both *Banks* and *Clark*, the special circumstance findings do not preclude him from making out a prima facie case for resentencing under section 1172.6." (*Strong, supra*, 13

6.

Cal.5th at p. 721.) Our Supreme Court reasoned that section 1172.6 requires the petitioner to make a prima facie showing that he could not be convicted of murder under the amended versions of sections 188 and 189, and "[a] pre-*Banks* and *Clark* special circumstance finding does not negate that showing because the finding alone does not establish that the petitioner is in a class of defendants who would still be viewed as liable for murder under the current understanding of the major participant and reckless indifference requirements." (*Strong*, at pp. 717-718.) "This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*Strong*, at p. 710; see *People v. Montes* (2021) 71 Cal.App.5th 1001, 1008 [trial court may not deny § 1172.6 petition at prima facie stage based on its own determination defendant was major participant in felony and acted with reckless disregard for human life].) Thus, "[n]either the jury's pre-*Banks* and *Clark* findings nor a court's later sufficiency of the evidence review amounts to the determination section 1172.6 requires, and neither set of findings supplies a basis to reject an otherwise adequate prima facie showing and deny issuance of an order to show cause." (*Strong*, at p. 720.)

Here, the jury's true finding on the robbery-murder special circumstance occurred more than two decades before our Supreme Court's decisions in *Banks* and *Clark*. Under *Strong*, the jury's finding on the robbery-murder special circumstance does not preclude Henderson from stating a prima facie case for relief. (*Strong, supra*, 13 Cal.5th at p. 721.)

### 2. *Actual Killer Theory*

In the Attorney General's initial appellate brief, he originally argued that Henderson was ineligible for resentencing relief as a matter of law because he was the actual killer.[5] The trial court denied Henderson's petition, in part, on this basis, although

---

[5]    In his supplemental brief, the Attorney General concedes that the trial court's order must be reversed and that further proceedings are required.

it never explicitly characterized Henderson as the "actual killer." The trial court observed that the jury found that Henderson had personally used a firearm (§ 12022.5, subd. (a)) and that he intentionally inflicted great bodily injury (§ 12022.7) in the commission of the robbery. The trial court concluded, "[t]here was sufficient evidence at trial for the jury to find true the section 12022.7 enhancement that, at the time, required specific intent that Petitioner personally and intentionally inflicted great bodily harm."

The limited record before us suggests that Henderson was convicted of murder under an "actual killer" theory. Indeed, the recitation of facts in our opinion following Henderson's direct appeal states that during the robbery, "Henderson shot Tommy Walker … in the head." (*People v. Henderson, supra*, F018029.) However, we can no longer rely upon the factual summary in our prior opinion at an evidentiary hearing to determine whether a petitioner is eligible for resentencing. (*People v. Clements* (2022) 75 Cal.App.5th 276, 292, citing Sen. Bill No. 775, Stats. 2021, ch. 551.) And, "[i]f such evidence may not be considered at an evidentiary hearing to determine a petitioner's ultimate eligibility for resentencing, we fail to see how such evidence could establish, as a matter of law, a petitioner's ineligibility for resentencing at the prima facie stage." (*People v. Flores* (2022) 76 Cal.App.5th 974, 988.)

While the jury's verdict is fully consistent with the conclusion that Henderson shot and killed Walker, the limited record before us does not permit us to *conclusively* make that determination. The trial transcripts and jury instructions are not before this court and the available factual record consists only of the recitation of facts contained in our prior appellate opinion. As discussed, we can no longer rely upon the recitation of facts in our prior opinion to provide factual context to the jury's findings.[6] (*People v. Flores*, *supra*, 76 Cal.App.5th at p. 988.)

---

[6] The Attorney General does not argue that any other portion of our prior opinion following Henderson's direct appeal may be considered in determining whether Henderson is ineligible for relief under section 1172.6.

On remand, the trial transcripts and complete jury instructions, if available, may provide essential context to the jury's findings, permitting the trial court to conclude that Henderson was convicted as the actual killer without " 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*People v. Lewis* (2021) 11 Cal.5th 952, 972, quoting *People v. Drayton* (2020) 47 Cal.App.5th 965, 980; see *People v. Garcia* (2022) 82 Cal.App.5th 956, 969 [upon the record of conviction, including reporter's transcripts from the petitioner's trial, petitioner was ineligible for resentencing relief where his actions directly cause the death of the victim]; see also, *People v. Harden* (2022) 81 Cal.App.5th 45, 55-56 [the jury instructions, when viewed as a whole, made clear that the jury's true finding on a § 12022.7 enhancement could only apply if the jury concluded the petitioner was the actual killer;] and *People v. Garrison* (2021) 73 Cal.App.5th 735, 743 [following an evidentiary hearing, the petitioner was determined to be ineligible for relief as a matter of law where the record of conviction supported only one conclusion:  that "[t]he only ' "use" ' of a handgun … was … to kill [the victim]"].) We therefore reverse and remand this case back to the lower court with directions to conduct further proceedings, rather than to issue an order to show cause and to hold an evidentiary hearing specifically.

## DISPOSITION

The trial court's May 19, 2021 order denying Henderson's petition for resentencing under former section 1170.95 is reversed.  The matter is remanded to the superior court for further proceedings consistent with section 1172.6, subdivision (c).

9.